# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

EDWARD J. VALE,

    Plaintiff,

vs.                                                        4:07CV283-SPM/AK

JUAN VELASCO, et al,

    Defendants .

_____/

## O R D E R

      This cause is before the court upon Plaintiff's filing of a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and an application for leave to proceed *in forma pauperis* (IFP). (Doc.11). Leave to so proceed has been granted in a separate order. (Doc. 13).

      From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted. Consequently, the Clerk will mail to him another civil rights complaint that Plaintiff must complete in its entirety. He does not need to file any service copies of the amended complaint at this time.

      Plaintiff alleges that he injured his knee on June 14, 2003, while playing soccer and the defendants were indifferent to his medical needs. (Doc. 1). Medical claims under the Eighth Amendment have an objective and subjective component, each of which additionally is considered to encompass two subsidiary requirements. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000), cert. denied, 531

U.S. 1077, 121 S.Ct. 774, 147 L.Ed.2d 673 (2001).  The "objective component" of the Eighth Amendment standard requires a determination whether the alleged wrongdoing was objectively harmful enough to establish a constitutional violation.  See Wilson v. Seiter, 501 U.S. 294, 303, 111 S.Ct. 2321, 2326, 115 L.Ed.2d 271 (1991).  This objective component varies with the situation and the conduct in question and is responsive to "contemporary standards of decency."  Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); see also Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981).  An objectively serious deprivation requires (1) showing an objectively "serious medical need." Estelle, 429 U.S. at 104.  A serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994).  In addition, an objectively serious deprivation requires (2) showing the response made by the defendant to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain" and not simply "negligen[ce] in diagnosi[s] or treat[ment]," or even "[m]edical malpractice" actionable under state law. Estelle, 429 U.S. at 105-06 (internal quotation marks omitted). See Taylor, 221 F.3d at 1257; see also Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).  To show the required subjective intent to punish the plaintiff must demonstrate that the defendant acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105.  This is defined as requiring (1) an "aware[ness] of facts from which the inference could be drawn that a substantial risk of serious harm exists" and (2) the actual "draw[ing of] the inference." Farmer, 511 U.S. at 837.  In sum, in a claim of denial of medical attention under the Eighth Amendment "[u]ltimately, there are [] four requirements: an objectively serious

2

need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." <u>Taylor</u>, 221 F.3d at 1258.

To show the factors set forth above, Plaintiff must name the Defendants and provide details such as dates of when he asked for medical care and from whom, and dates when he received it and from whom. Specifically, Plaintiff claims that Dr. Velasco made him wait, but he fails to provide factual details of when and how he asked to see Dr. Velasco. This information, even approximately, is important to state a claim of indifference by Dr. Velasco.

As to Dr. Lord, Plaintiff's claims appear to be based on a difference of opinion, not a denial of treatment. Plaintiff claims that he did not agree with Dr. Lord's decisions to operate, begin physical therapy, and not to put a cast on his leg. A purely medical judgment "that in hindsight...may have been poor or even that it may have constituted negligence or medical malpractice does not elevate Plaintiff's claim to a tort of constitutional dimensions." <u>Pate v. Peel</u>, 256 F. Supp.2d 1326, 1327 (N.D. Fla. 2003), citing <u>Harris v. Thigpen</u>, 941 F.2d 1495, 1505 (11th Cir. 1991) (differences in opinion between medical staff and inmate do not state Eighth Amendment claim). Plaintiff should think through his claims concerning Dr. Lord and unless Dr. Lord was indifferent to him, as described by the case law above, he may consider deleting his claims against this defendant.

Plaintiff should also consider deleting his claims against Nurse Gunnther if his only allegation is that she did not give him ice. It is unclear whether he is also asserting that she failed to take any measures when he first broke his leg and gave him the "bald"

crutches. He claims a number of actions were not taken when he first broke his leg, but it is not clear whether he claims Nurse Gunnther was the one who ignored his condition. He should make this clear if he files an amended complaint.

Finally, DOC should be deleted as a defendant in the amended complaint. Claims of deliberate indifference under section 1983 should be asserted against the *persons* whom he claims violated his constitutional rights, not an institution.

Plaintiff has also moved to have exhibits (copies of his grievances) attached to the complaint. The motion (doc. 22) is **GRANTED**, and the exhibits (doc. 23) shall be considered with the amended complaint when it is filed. Plaintiff may refer to these exhibits in the amended pleading if he wishes.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1.  The clerk of court shall forward to Plaintiff another Section 1983 form.

2.  Plaintiff must respond to this order by **January 31, 2008.**

3.  **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

4.  Plaintiff's Motion for leave to file exhibits (doc. 22) is **GRANTED**, and the exhibits (doc. 23) shall be deemed to be filed and attached to the amended complaint when filed.

**DONE AND ORDERED** this  *15th*  day of January, 2008.

>           *s/ A. KORNBLUM*
>           **ALLAN KORNBLUM**
>           **UNITED STATES MAGISTRATE JUDGE**