**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**EDWARD J. VALE,**

    **Plaintiff,**

**vs.**                                           **CASE NO. 4:07CV283-SPM/AK**

**MICHAEL LORD, et al,**

    **Defendants.**

_____/

**O R D E R**

Presently before the Court is Plaintiff's Motion to Appoint Counsel. (Doc. 57). Having considered said motion, the court is of the opinion that it should be **DENIED**.

As has already been explained to Plaintiff, the substance of Defendant Michael Lord's Motion to Dismiss is that Plaintiff failed to exhaust administrative remedies, and unless Plaintiff has copies of grievances he alleges he filed on the claims he is asserting in this lawsuit or some other proof that he exhausted administrative remedies there is nothing an attorney can do for him and nothing he needs to learn from a law library and no need to delay these proceedings further.

Appointment of counsel in a 1983 suit is not a right, it is a privilege and is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner. Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990). Contrary to Plaintiff's allegations, he does not have a

right to counsel in a civil lawsuit.  Also, these issues are not complex.  Either Plaintiff filed timely and complete grievances or his claims are subject to dismissal.  The Court is familiar with the law and needs no research from Plaintiff.  Thus, the motion to appoint counsel (doc. 57) is **DENIED**, and Plaintiff should respond to the pending motion by the date set previously.  (See Doc. 54).

**DONE AND ORDERED** on this the *12th* day of March, 2009.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**