**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**EDWARD J. VALE,**

      **Plaintiff,**

**vs.**                                                                 **CASE NO. 4:07CV283-SPM/AK**

**MICHAEL LORD, et al,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Defendant Lord has filed a motion to dismiss for failure to exhaust administrative remedies.  (Doc. 50).  Plaintiff has responded.  (Doc. 61).

**I.      Amended Complaint (doc. 28) with exhibits (doc. 23)**

Plaintiff claims that he injured his right knee and leg playing soccer on June 14, 2003, at Madison Correctional Institution.  He claims that Nurse Lisa Guenther examined him, but found nothing wrong, even though he claims a layman could see that his leg was broken.  She issued him crutches, which he claims were "bald," and told him he would have to wait on a lower bunk pass until Dr. Velasco could see him which was two days later.  Plaintiff claims that Dr. Velasco did not order x-rays.  Dr. Lord examined Plaintiff on July 2, 2003, after an MRI was done on June 25, 2003, revealing a fracture.  Plaintiff disagrees with Dr. Lord's treatment plan insisting that he should have had

surgery or a cast.  Plaintiff sues Suber for alleged indifference to his emotional distress at the prospect of never playing soccer again.

He seeks punitive and compensatory damages for pain, suffering, emotional distress, and permanent disability and disfigurement.

Attached to the complaint are the medical records, x-ray and MRI results of his June 2003 injury which show a "slightly depressed fracture of the lateral aspect of the tibial plateau."

Relative to the issue before the court is a copy of a Request for Administrative Remedy to the Assistant Superintendent dated June 20, 2003, requesting help with his medical problems.  It is not answered nor marked received.

Supplemental exhibits (doc. 23) show that on October 5, 2007, Plaintiff filed an Inmate Request asking "Does your Dept. have any record of any informal or formal grievances I filed between 6/14/2003 and 10/14/03 specifically related to my broken right leg?"

The response was: "There are no copies of documentation of any grievances or request received during the time you stated."

On October 27, 2007, he filed an Informal Grievance acknowledging that "[he] recently learned that there is no record of medical requests or informal/formal grievances I filed shortly after I broke my right leg in June 2003."

The response was: "Record review indicates that you did receive appropriate treatment following this injury with x-rays and MRI and physical therapy provided. However, in October 2003 you refused any further physical therapy treatments and you

refused another x-ray and appointment to see the specialist.  That was a decision that you made.  Grievance denied."

On November 7, 2007, Plaintiff filed an appeal with the Secretary about his medical problems and he states: "I originally filed requests, informal or formal grievances against Nurse Guenther, Drs. Juan Velasco, both at MCI and felt that the standard of care instituted by Dr. Lord at R.M.C. Lk Butler was far below the minimum...None of my previous grievances addressed to MCI Medical staff were answered."

The response was: "You did not provide this office with a copy of the formal grievance filed at the institutional level as required by rule...your grievance is returned without action."

Defendant Lord has moved to dismiss this cause of action for failure to exhaust administrative remedies.  Although summons were issued on all the defendants, there were no returns filed and Defendant Lord is the only defendant who has responded to the complaint.  Although efforts have been made to learn from the United States Marshals Service what became of the service attempts upon Defendants Velasco, Guenther and Suber, and why no returns were filed or referred to the undersigned, it is immaterial for purposes of the present motion since it appears that the claims raised against any of them were never exhausted.

Since passage of the PLRA, 42 U.S.C. § 1997e(a) now provides:  "*No action shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  (Emphasis added.)

The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens.  Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998).  There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander, 159 F.3d at 1325; see also Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Higginbottom v. Carter, 223 F.3d 1259, 1260-61 (11th Cir. 2000) (holding that an excessive force claim is subject to the exhaustion requirement); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons).  Furthermore, this Court may not consider the adequacy or futility of administrative remedies, but only the availability of such.  Higginbottom, 223 F.3d at 1261, citing Alexander, 159 F.3d at 1323.  Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively.  Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001).  An inmate must not only commence the grievance process, he must perfect his appeal to the highest administrative level in the process.  Alexander, 159 F.3d at 1323.  Further, exhaustion must be complete before the suit is brought in

federal court.  Leal v. Georgia Department of Corrections, 254 F.3d 1276, 1279 (11th Cir. 2001).

Plaintiff is housed within the Florida Department of Corrections.  Florida prisons have a three-tiered administrative grievance program.  *See* FLA. ADMIN. CODE CH. 33-103.  Medical emergencies can bypass the informal grievance process.

Plaintiff asked whether or not he had filed grievances relative to his injured leg **after** he filed the complaint in this cause in June 2007.  Obviously, he was uncertain that he had undertaken this process, but even if he had filed grievances, he admits that he never received responses to them.  As stated supra, he must not only commence the process, he must perfect it, and it was therefore his responsibility to follow up on grievances, if indeed he filed them and received no responses.

Plaintiff argues in vain that this Court should exercise its discretion to adjudicate the merits of his case despite the exhaustion issue.  As the case law cited supra shows, the Court has no discretion to waive this requirement. The Court is not persuaded by the argument, made somewhat weakly, that he filed grievances, but they were deliberately lost.  Plaintiff himself appears uncertain in that he asked first of the DOC **if** there were any such grievances and makes the argument "what of the possibility that Vale submitted medical requests or grievances that were supressed [sic]?" Plaintiff does not state affirmatively that this is what happened, he just poses the question as a "possibility."

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss (doc. 50) be **GRANTED**, and Plaintiff's amended complaint, (doc.

28), be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C.

§ 1997(e).

 **IN CHAMBERS** at Gainesville, Florida, this __7th__ day of July, 2009.


     *s/ A. KORNBLUM*
     **ALLAN KORNBLUM**
     **UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

 **A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**